R. H. HENRY, EXECUTOR, v. JAMES VLIET ET AL.

FILED JANUARY 18, 1893.   No. 3634.

1. Sales: FRAUD OF PURCHASER: RESCISSION.   Where goods were sold to be paid for on delivery, either in cash or secured note payable in thirty days, but the purchaser fraudulently managed to obtain possession of the property without complying with the conditions, the purchaser was insolvent and mortgaged the property in question to secure pre-existing debts, *held*, that the seller, upon discovery of the fraud, could rescind the sale and reclaim the goods from the mortgagee.

2. The first clause of the syllabus in *Henry v. Vliet*, 33 Neb., 130, overruled.

REHEARING of case reported in 33 Neb., 130.

*Cornish & Robertson*, for plaintiff in error.

*Hall & McCulloch*, contra.

MAXWELL, CH. J.

This is an action of replevin to recover the possession of 60 barrels of 74 gasoline, 750 cases 100 flash oil, 300 cases $\frac{2}{5}$ 150 W. W. oil of great value.   The answer of the

defendant below (plaintiff in error) was a general denial. On the trial of the cause the jury returned a verdict in favor of the defendants in error for the property in dispute and "that the defendant is indebted to the plaintiff in the sum of $757.52 for goods not found." Judgment was rendered on the verdict. The substantial facts in the case are as follows:

One L. A. Stewart, doing business in Omaha as L. A. Stewart & Co., during the months of April, May, June and July, 1887, seems to have purchased goods from every one who would sell to him on credit. He seems to have had but little property and less integrity. Early in July of that year he purchased from the plaintiff below four car loads of oil, which were to be paid for in cash on delivery or by a secured note or draft accepted by some bank. Upon the arrival of the property he managed to obtain possession of the same without either paying the cash or giving secured note. He thereupon executed a chattel mortgage on the same, together with other property, to Henry to secure the payment of one note for $5,000, dated April 30, 1887, due ninety days from the date thereof; one note for $5,000, dated June 10, 1887, due in ninety days from the date thereof; one note for $2,500, dated June 25, 1887, due in ninety days from the date thereof; and one note for $2,500, dated June 22, 1887, due in ninety days from the date thereof; and also three certain drafts drawn by L. A. Stewart & Co., on W. R. Stewart, of Des Moines, Iowa, in the aggregate sum of $4,957.50. The notes described in said mortgage (with the exception of one for $2,500, dated June 25, 1887) were renewals of prior indebtedness, $10,000, which was first loaned January 2, 1886. The bills of exchange secured by said chattel mortgage consisted of one draft drawn July 19, 1887, upon Will R. Stewart, Jr., of Des Moines, Iowa, for $850; one draft for $2,617.50, dated July 20, 1887, upon Will R. Stewart, Jr.; one draft upon W. R. Stewart, Jr., for

$1,490, dated July 21, 1887, all of which said drafts were protested for non-acceptance; said drafts were deposited in the Bank of Omaha, of which Andrew Henry was the sole owner, and received as cash, and L. A. Stewart & Co. were allowed to draw against them as so much cash on deposit.

At the time of the giving of said mortgage, there was in the Bank of Omaha, to the credit of L. A. Stewart & Co., the sum of $274.50. The notes secured by said mortgage were all signed by L. A. Stewart & Co., and also by W. R. Stewart, Jr. It had been the custom of W. R. Stewart, Jr., to honor the drafts of L. A. Stewart & Co. upon him. It also appears that on July 20, 1887, W. R. Stewart, Jr., of Des Moines, Iowa, accompanied by his attorney, Mr. Dudley, came to Omaha and insisted upon L. A. Stewart & Co. securing the indebtedness to the Bank of Omaha, upon which W. R. Stewart, Jr., was liable as surety. A mortgage was thereupon prepared by L. A. Stewart & Co., conveying the stock of goods and accounts of the said L. A. Stewart & Co., including the goods in controversy in this action, and W. R. Morris, attorney for L. A. Stewart & Co., W. R. Stewart, Jr., and his attorney, Mr. Dudley, on the morning of the 22d of July, 1887, presented the same to Henry, and demanded that in consideration of the entire indebtedness to said Andrew Henry being secured, the said Andrew Henry should release the said W. R. Stewart, Jr., from liability by reason of said notes. The mortgage was thereupon received by Henry. There is a conflict of testimony on this point. The evidence of W. R. Morris and W. R. Stewart, Jr., being that said W. R. Stewart, Jr., was absolutely released from his liability upon said notes; and the testimony of Edward J. Cornish was that Andrew Henry agreed, as part consideration of said mortgage, not to press W. R. Stewart, Jr., upon the notes or to bring suit, or in any manner to make claim for payment upon the notes until the mort-

gaged property should be entirely exhausted, and this we are convinced is the truth in regard to the transaction. W. R. Stewart, Jr., therefore, is still liable on those obligations.

It is unnecessary for us to review the various assignments of error at length. The conceded facts show that the property in question was sold for cash on receipt, or secured notes; that Stewart obtained the property without paying for it; that he soon afterwards executed the mortgage in question; that Henry knew, or had the means of knowing, that the property in question had not been paid for, and in no sense is he a *bona fide* purchaser. The same is true of W. R. Stewart, Jr. As against these parties, therefore, the owner of the goods had a right to reclaim them.

Some reflections are made upon the plaintiff in error in defendant in error's brief, but there is no ground for such insinuations, as he seems to have done nothing inconsistent with fairness and integrity, but the claims of the defendant in error are superior to his. It follows that the judgment is right and that the opinion in this case on the former hearing, which is reported in 33 Neb., 130, should be overruled. The judgment of the district court is

AFFIRMED.

THE other judges concur.